**Lynda L. GALLIGAN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 03–3132.**

United States Court of Appeals, Federal Circuit.

June 9, 2003.

---

Before LOURIE, SCHALL, and PROST, Circuit Judges.

## DECISION

### PER CURIAM.

Lynda L. Galligan appeals from the final decision of the Merit Systems Protection Board dismissing her appeal as untimely filed. *Galligan v. Dep't of Defense,* No. DC–0752–02–0553–I–1, 2002 WL 31720613 (M.S.P.B. Nov.21, 2002) (*"Final Decision"*). We *affirm.*

## BACKGROUND

On March 22, 2002, Ms. Galligan received notice from the Department of Defense that she would be removed from her position on March 31, 2002. On May 13, 2002, Galligan filed an appeal to the Board challenging her removal. On June 10, 2002, the administrative judge ("AJ") issued an acknowledgment order and an order to show cause. In the latter order, the AJ notified Galligan that her appeal appeared to be untimely because it should have been filed within thirty days of the March 31, 2002 effective date of her removal – *i.e.,* by April 30, 2002. *Galligan v. Dep't of Defense,* No. DC–0752–02–0553–I–1, slip op. at 1 (M.S.P.B. June 10, 2002) (order to show cause). The AJ then identified the following factors for assessing whether an appellant has shown good cause for a delay in filing: the length of the delay; the reasonableness of the appellant's excuse and her showing of due diligence; whether the appellant was acting *pro se* at the time of filing; and whether the appellant has presented evidence of the existence of circumstances beyond her control, or of unavoidable casualty or misfortune, affecting her ability to comply with the time limits. *Id.* at 2. Accordingly, the AJ ordered Galligan to file evidence and argument to prove by a preponderance of the evidence that her appeal was timely filed or that she had good cause for the belated filing. *Id.*

In response, Galligan argued that her late filing should be excused due to her mental and emotional condition at the time and that her "minimal" filing delay and *pro se* status should be considered as factors in her favor. *Galligan v. Dep't of Defense,* No. DC–0752–02–0553–I–1, slip op. at 3 (M.S.P.B. Aug.13, 2002) (*"Initial Decision"*). In addition, Galligan submitted a sworn declaration from Dr. Susan Glaser, a psychologist who had treated Galligan since February 2002 for "clinical depression and emotional problems relating to her federal employment." *Id.* Dr. Glaser stated that Galligan "has experienced serious and debilitating depression and emotional problems that make it impossible for her to take effective action to perfect her appeal rights" and that "[h]er failure to timely file her appeal . . . is directly related to the depression and emotional prob-

lems that she has been experiencing." *Id.* (alteration and omission in original).

Because Galligan alleged that she was prevented from timely filing an appeal as a result of incapacity, the AJ issued a second order to show cause on June 26, 2002. In that order the AJ informed Galligan that she could establish that her untimely filing was the result of an illness by (1) identifying the time period during which she suffered from the illness; (2) submitting medical or other evidence supporting her claim of illness during the relevant time period; and (3) explaining how the illness prevented her from timely filing her appeal or requesting an extension of time. *Galligan v. Dep't of Defense,* No. DC–0752–02–0553–I–1, slip op. at 1–2 (M.S.P.B. June 26, 2002) (order to show cause). Accordingly, the AJ ordered Galligan to file additional evidence and argument to substantiate her claim that she was prevented from timely filing her appeal due to illness. *Id.* at 2.

In response, Galligan submitted a letter from Dr. Glaser addressing Galligan's "emotional state in the weeks immediately following her receipt [on February 14, 2002] of the notification of [proposed] termination." *Initial Decision,* slip op. at 4 (alterations in original). Specifically, Dr. Glaser stated that Galligan had reported feelings of depression, anxiety, and depersonalization on March 6, March 13, March 20, and March 27, 2002, but that she "appeared to be feeling somewhat better" by April 3, 2002. Dr. Glaser concluded that she "believe[s] this description of Ms. Galligan's explains clearly that she did not have the energy or clarity of thought to organize a coherent response to the letter of removal she had received." *Id.* (alteration in original).

On August 13, 2002, the AJ issued an initial decision dismissing Galligan's appeal as untimely filed. First, the AJ found that Galligan had not established that her appeal was filed within the prescribed time period. Explaining that an appeal to the Board must be filed no later than thirty days after the effective date of the action being appealed (*i.e.,* March 31, 2002) or thirty days after receipt of the agency's decision (*i.e.,* March 22, 2002), whichever is later, 5 C.F.R. § 1201.22(b) (2002), the AJ determined that Galligan's appeal should have been filed by April 30, 2002 and that her May 13, 2002 filing was therefore untimely by thirteen days. *Initial Decision,* slip op. at 2. Second, the AJ found that Galligan had not established good cause for her belated filing. Specifically, the AJ found that Galligan had adduced no evidence or argument showing that she was medically incapacitated during the thirty-day period following the March 31, 2002 effective date of her removal to the extent that she was prevented from timely filing her appeal or requesting an extension of time. *Id.* at 4. The AJ observed that Dr. Glaser's letter did not report on Galligan's condition during the relevant time period, except to note that "[b]y April 3, 2002 [the appellant] reported she had filed her retirement papers and appeared to be feeling somewhat better." *Id.* (alterations in original). The AJ also found that Galligan had not shown that her *pro se* status affected her ability to file a timely appeal, noting that she had filed timely responses to the two show-cause orders without representation. *Id.* Accordingly, the AJ dismissed Galligan's appeal as untimely filed. *Id.* at 4–5.

On November 21, 2002, the full Board denied Galligan's petition for review, making the AJ's initial decision final. *Final Decision,* slip op. at 1–2.

Galligan timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); *Kewley v. Dep't of Health & Human Servs.*, 153 F.3d 1357, 1361 (Fed.Cir.1998).

An appeal to the Board generally "must be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later." 5 C.F.R. § 1201.22(b) (2002). However, the Board may waive the time limit for appealing an agency action if the petitioner establishes by a preponderance of the evidence that good cause existed for the delay. 5 C.F.R. §§ 1201.22(c), 1201.56(a)(2)(ii) (2002); *see Krizman v. Merit Sys. Prot. Bd.*, 77 F.3d 434, 438 (Fed.Cir.1996). A decision to waive the regulatory time limit for an appeal based upon a showing of good cause is "a matter committed to the Board's discretion and this court will not substitute its own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc).

In her informal brief on appeal, Galligan argues that the AJ failed to give appropriate consideration to Dr. Glaser's statements, Galligan's *pro se* status, and the length of the filing delay. She also requests the return of certain documents that she turned over to the Department of Defense at a deposition and contends that not having those documents has "severely impaired [her] ability to present sound and accurate facts of [her] case."

We find each of Galligan's arguments unpersuasive. First, the record shows that the AJ fully considered Dr. Glaser's declaration and letter but found that evidence insufficient to satisfy Galligan's burden of proving good cause for the filing delay. Indeed, the AJ quoted several portions of Dr. Glaser's declaration and letter. However, he found that Dr. Glaser did not report on Galligan's condition during the regulatory time period for filing – *i.e.*, from March 31, 2002 to April 30, 2002 – except to note that Galligan "appeared to be feeling somewhat better" by April 3, 2002. *Initial Decision*, slip op. at 4. Substantial evidence therefore supports the AJ's finding that Galligan presented no medical evidence showing that she was medically incapacitated during the relevant time period such that she could not file a timely appeal or request an extension of time. In addition, the AJ found Dr. Glaser's concluding statement that Galligan's emotional state prevented her from "organiz[ing] a coherent response to the letter of removal" to be "without elucidation." *Id.* Because Dr. Glaser provided no specific statements to explain how Galligan's emotional state affected Galligan during the relevant time period, we conclude that the AJ's decision to give little weight to Dr. Glaser's concluding opinion was not arbitrary, capricious, or an abuse of discretion.

Second, the AJ gave appropriate consideration to Galligan's *pro se* status. The AJ specifically found that Galligan had not shown that her *pro se* status affected her ability to file a timely appeal and even noted that Galligan, acting *pro se*, filed timely responses to the two show-cause orders. *Id.* Galligan's mere disagreement with the weight accorded her *pro se* status is insufficient to show that the AJ abused his discretion in his consideration of that factor.

Third, the AJ adequately considered the length of Galligan's delay in filing. In the

Board's initial decision, the AJ recited the "length of the delay" as a factor to be considered in assessing whether good cause for a filing delay has been shown. *Id.* at 2. The AJ also stated that the appeal "appeared to be untimely by 13 days." *Id.* Although the AJ did not discuss the length of the delay in detail, his acknowledgement of both the timing and Galligan's argument that the delay was "minimal" shows that he was aware of the length of the delay and considered that factor. In any event, we cannot say that Galligan's thirteen-day delay was "minimal," *see Walls v. Merit Sys. Prot. Bd.,* 29 F.3d 1578, 1582 (Fed. Cir.1994) (finding that a "minimal" two-day filing delay was a consideration in the petitioner's favor); *Anderson v. Dep't of Justice,* 999 F.2d 532, 534–35 (Fed.Cir.1993) (same for a one-day delay), or that a more detailed consideration of the length of the delay would have assisted Galligan in satisfying her burden of showing good cause in light of the other evidence.

Fourth, Galligan's argument regarding the unreturned documents is misplaced. It is unclear from the record what documents Galligan turned over to the Department of Defense during a deposition and whether she even raised that issue before the Board. Nevertheless, Galligan has failed to explain how any such unreturned documents prevented her from filing a timely appeal or requesting an extension of time.

Contrary to Galligan's arguments, therefore, the record contains substantial evidence supporting the Board's finding that Galligan did not show good cause for her delay in filing. Because "this court will not substitute its own judgment for that of the Board" as to whether a petitioner has demonstrated good cause excusing delay, *Mendoza,* 966 F.2d at 653, we cannot conclude that the Board acted arbitrarily or capriciously, abused its discretion, or failed

to act in accordance with law in refusing to waive the timeliness requirement. Accordingly, we affirm the Board's dismissal of Galligan's appeal.