# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| BARBARA M. ILES,<br>Appellant, | DOCKET NUMBER<br>CH-0752-15-0636-I-1 |
| v. | |
| DEPARTMENT OF THE TREASURY,<br>Agency. | DATE: August 3, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Barbara M. Iles, Independence, Kentucky, pro se.

Eileen R. Jimenez, Esquire, and Pamela D. Langston-Cox, Esquire, Chicago, Illinois, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2    In a decision letter dated December 4, 2014, the agency informed the appellant that she would be removed from her position effective December 11, 2014, and that she had a right to appeal that action to the Board within 30 calendar days of the effective date of the removal or 30 calendar days after the date of receipt of the agency's decision, whichever was later. Initial Appeal File (IAF), Tab 6 at 12-15.

¶3    On August 20, 2015, more than 8 months after the effective date of the removal, the appellant, proceeding pro se, filed an appeal with the regional office, alleging that she was under mental duress because she had obtained custody of some of her grandchildren from her children who had drug addictions. IAF, Tab 1 at 3, Tab 3 at 2. She also asserted that the agency should have provided the union with a decision for a suspension, instead of a removal, because it is her

second disciplinary action.[2]  IAF, Tab 1 at 12.  The administrative judge issued an order to the appellant to show that she either filed her appeal timely or that she had good cause for the untimely filing.  IAF, Tab 3 at 3.  The order informed her of how to show that the appeal was timely or that she had good cause for the filing delay.  *Id*. at 1-4.  It also set forth what she needed to demonstrate if an illness prevented her from timely filing an appeal.  *Id*. at 3-4.  The agency filed a response to the order and moved for dismissal on the basis of untimeliness.  IAF, Tab 6.  The appellant neither responded to the administrative judge's order nor opposed the agency's motion to dismiss.

¶4    Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed.  IAF, Tab 7, Initial Decision (ID).  The administrative judge found that the appellant received the removal decision letter on December 5, 2014, and that the decision letter informed her of the effective date of her removal, December 11, 2014, and of the Board's filing requirements for filing an appeal.  ID at 2-3.  She also noted that

---

[2] In answer to question 17 on her appeal form, which concerned whether a grievance under a negotiated grievance procedure had been filed regarding her removal, the appellant checked "yes," but she did not provide a copy of the grievance decision as instructed under part 2 of the appeal form.  IAF, Tab 1 at 4.  She also did not explain why she did not submit such documentation.  Thus, when the appellant filed her Board appeal, it was not clear if she had filed a grievance and had made an election to pursue a grievance that would have removed her appeal from the Board's jurisdiction.  However, for the first time on review, the appellant states that she received a letter from a union, stating that she "was denied by the Union for representation for arbitration," and later was informed by a "Mr. Feldman" on how to write her appeal.  Petition for Review File, Tab 1 at 4.  It appears now that the appellant may not have made an election at the time she filed a Board appeal.  While the existence of the Board's jurisdiction is the threshold issue in adjudicating an appeal, such a determination would not be in the Board's interest of adjudicatory efficiency and fairness to the parties in an untimely appeal in which the Board arguably may have jurisdiction over the appeal and the record developed on the timeliness issue shows no good cause for the untimely filing or other grounds exist for the dismissal of the appeal.  *Popham v. U.S. Postal Service*, 50 M.S.P.R. 193, 197 (1991).  As such, the administrative judge properly disposed of the appeal on the basis of untimeliness without making fact findings and conclusions of law on the jurisdictional issue.  *See id.*

the appellant's appeal form contained the caution to "**not delay in filing your appeal**." ID at 3 (emphasis in original). The administrative judge concluded that the appellant's appeal was due on or before January 12, 2015, but she did not mail the appeal until August 20, 2015. ID at 2 & n.1. Noting the appellant's failure to respond to the order on timeliness, she found that the appellant did not show good cause for the 7-month filing delay. ID at 2-3.

¶5		The appellant has filed a timely petition for review, and the agency has filed a response to the petition. Petition for Review (PFR) File, Tabs 1, 3.

¶6		Generally, an appellant must file an appeal with the Board no later than 30 calendar days after the effective date of the contested action, or 30 calendar days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b). An appeal that is not filed within the applicable time limit will be dismissed as untimely unless the appellant shows good cause for the delay. 5 C.F.R. § 1201.22(c). To establish good cause, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether the appellant has shown good cause, the Board considers the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). The appellant has the burden of proof on the issue of timeliness, which she must establish by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(B).

¶7		On review, the appellant does not dispute that on December 5, 2014, she received notice of the agency's decision to remove her from service, effective December 11, 2014, and notice of the time limit to appeal the decision to the

Board. PFR File, Tab 1; IAF, Tab 6 at 15-17. She acknowledges that her appeal was filed 7 months late. PFR File, Tab 1 at 4. Such a delay is not minimal and does not weigh in favor of an appellant in demonstrating good cause for a filing delay. *See Smith v. U.S. Postal Service*, 106 M.S.P.R. 405, ¶ 8 (2007) (finding that a filing delay of nearly 5 months was not minimal), *aff'd*, 277 F. App'x 1017 (Fed. Cir. 2008); *Dean v. U.S. Postal Service*, 100 M.S.P.R. 556, ¶ 5 (2005) (finding a filing delay of 6 months was not minimal and weighed against finding good cause); *see also Marcantel v. Department of Energy*, 121 M.S.P.R. 330, ¶ 11 (2014) (noting that a 14-day delay was not minimal); *cf. Walls v. Merit Systems Protection Board*, 29 F.3d 1578, 1582 (Fed. Cir. 1994) (noting that the "minimal" nature of a 2-day filing delay, among other considerations, was a factor in the petitioner's favor for waiving the filing requirement).

¶8      Regarding the filing delay, the appellant states, for the first time on review, that she did not receive the union's denial to represent her in arbitration until January 13, 2015, and an offer of assistance in preparing her appeal until February 2015. PFR File, Tab 1 at 4. To the extent that she argues that awaiting the union's decision and obtaining representation affected the filing of her appeal, the Board need not consider these arguments because they are matters that predate, by several months, the September 2015 close of the record on the issue of timeliness. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence); 5 C.F.R. § 1201.115(d). Furthermore, neither pursuing remedies in another forum nor seeking representation constitutes good cause for a delay in filing. *Lawson v. Department of Homeland Security*, 102 M.S.P.R. 185, ¶¶ 4, 6 (2006); *Shimmin v. Department of Justice*, 63 M.S.P.R. 435, 438, *aff'd*, 43 F.3d 1486 (Fed. Cir. 1994).

¶9 It is well established that the Board has declined to waive its filing time limits when the appellant does not show good cause for an untimely filing by failing to respond to an order on timeliness. *See Mendoza v. Merit Systems Protection Board*, 966 F.2d 650, 654 (Fed. Cir. 1992) (en banc) (affirming the Board's dismissal of a pro se appellant's appeal on the basis of timeliness when she failed to respond to an administrative judge's order to show good cause for a 25-day filing delay); *Sledge v. Department of Justice*, 44 M.S.P.R. 455, 459 (holding that the administrative judge properly dismissed the appeal as untimely after the appellant failed to respond to an order on timeliness that provided an opportunity to justify the late filing), *aff'd*, 923 F.2d 870 (Fed. Cir. 1990).

¶10 Here, the administrative judge ordered the appellant to show good cause for her filing delay, and she did not respond to the order. On review, the appellant does not claim that the order was in any manner ambiguous or unclear. Rather, she reiterates her claims that she has been under mental duress in view of the custody of grandchildren from her children who suffer with drug addictions. PFR File, Tab 1 at 4; IAF, Tab 1 at 3. Although we sympathize with the appellant's circumstances, her allegations of health and personal difficulties neither excuse her from substantiating her claims nor constitute good cause for her filing delay. *See Galligan v. Merit Systems Protection Board*, 66 F. App'x 897, 900 (Fed. Cir. 2003)[3] (affirming the Board's dismissal of a pro se appellant's appeal of an adverse action for failure to show good cause for a 13-day filing delay because she failed to substantiate her allegation that she was medically incapacitated during the filing time limit); *Minor v. Department of the Air Force*, 109 M.S.P.R. 692, ¶¶ 5, 7 (2008) (finding that an appellant's explanations regarding unfortunate personal difficulties, including ill family

---

[3] Although the U.S. Court of Appeals for the Federal Circuit has designated the order in *Galligan* as nonprecedential, the Board may follow a nonprecedential Federal Circuit decision if, as here, it finds it to be persuasive. *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 14 (2010).

members, did not constitute good cause for a filing delay in the absence of a specific showing of how they affected his ability to timely file a petition or a request for an extension of time); *Gross v. U.S. Postal Service*, 103 M.S.P.R. 334, ¶ 11 (2006) (finding that the appellant failed to establish good cause for a filing delay by providing a generalized claim of a medical problem without a specific explanation of how the problem prevented his meeting the filing deadline); *Garcia v. Office of Personnel Management*, 85 M.S.P.R. 576, ¶ 4 (finding that an allegation of family difficulties did not provide a basis for waiver of the Board's filing time limit), *aff'd*, 251 F.3d 170 (Fed. Cir. 2000).

¶11        Also, as she did below, the appellant alleges that she should not have been removed for a second offense. PFR File, Tab 1 at 5. Such an allegation, which concerns the merits of the removal action, is not relevant to the issue of timeliness. *See Brockman v. Department of Defense*, 108 M.S.P.R. 490, ¶ 8 (2008). We therefore need not address it further.

¶12        Based on the foregoing analysis, we conclude that the appellant has provided no basis for disturbing the initial decision.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:          _____
                        Jennifer Everling
                        Acting Clerk of the Board

Washington, D.C.